IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 5:11-CV-00579-FL

| | | |
|---|---|---|
| Matt Jenkins | ) | **FIRST AMENDED** |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| CACH LLC and | ) | |
| Pentagroup Financial LLC | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**Plaintiff alleges as follows**:

## INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq.; and for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70.

## THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in North Carolina.

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2).

3. Upon information and belief, Defendant, CACH LLC. is a business entity whom regularly engages in the purchase and collection of delinquent debt from consumers using the mail and telephone.

4. Upon information and belief, Defendant, CACH LLC maintains a principal business office located in Colorado as listed with the North Carolina Department of Insurance and the Colorado Secretary of State.

5. Upon information and belief, Defendant, CACH LLC may be served with process upon their registered agent CT Corporation System, 150 Fayetteville St. Box 1011, Raleigh, NC 27601 as listed with the North Carolina Secretary of State.

6. Defendant, CACH LLC. is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1).

7. Upon information and belief, Defendant, Pentagroup Financial LLC. is a business entity with a principal business office located in Texas as listed with the North Carolina Department of Insurance and the North Carolina Secretary of State.

8. Upon information and belief, Defendant, Pentagroup Financial LLC. may be served with process upon their registered agent CT Corporation System, 150 Fayetteville St. Box 1011, Raleigh, NC 27601 as listed with the North Carolina Secretary of State.

9. Upon information and belief, Defendant, Pentagroup Financial LLC is a business entity who regularly engages in debt collection from consumers using the mail and telephone.

10. Defendant, Pentagroup Financial LLC is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

## JURISDICTION

11. Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

12. The Plaintiff and the Defendants are located in different states and the matter in controversy exceeds $75,000.

13. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

14. Upon information and belief, Defendant CACH LLC is a debt buyer which includes the purchase of defaulted credit card accounts.

15. Defendant Pentagroup Financial, LLC("Pentagroup") on behalf of Defendant Cache,LLC mailed Plaintiff a dunning letter dated from October 19, 2010 soliciting payment from the Plaintiff on an alleged delinquent account. (attached as Exhibit A).

16. The dunning letter states that CACH LLC, had purchased a debt from an original creditor, American Express and that the account was unpaid.

17. Upon information and belief, the statement was false and deceptive in that CACH LLC did not purchase a debt from American Express as stated in the dunning letter.

18. Defendant Pentagroup on behalf of Defendant CACH LLC mailed Plaintiff another dunning letter dated from November 16, 2010 soliciting payment from the Plaintiff on the same alleged delinquent account. (attached as Exhibit B).

19. Upon information and belief the subject account was/is time-barred based on the Defendants own records as the account had become delinquent more than 3 years prior to Defendant's collection attempts.

20. The Defendant's dunning letters sought acknowledgment of the time-barred debt from the Plaintiff by seeking payment from the Plaintiff but failed to disclose the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

21. The Defendant's dunning letters contained the false statements and representations that CACH LLC is a creditor of the Plaintiff when, upon information and belief, the Defendant is not a creditor of the Plaintiff.

22. Upon information and belief, Defendant CACH LLC does not have any valid documentation that they are the subject account owner and neither can they show reasonable verification of the debt allegedly owed by the Plaintiff.

23. On or about November 15, 2010, the Plaintiff spoke with Defendant Pentagroup wherein the Defendant informed the Plaintiff that their office had been retained by American Express to collect the subject account from the Plaintiff.

24. The statements made by Defendant Pentagroup were false and deceptive in that, upon information and belief, they had not been retained by American Express to collect on the subject account allegedly owed by the Plaintiff.

25. During the aforementioned conversation, after seeking payment, the Defendant failed to disclose the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

26. Upon information and belief, the Defendant's were attempting to collect on an account which was used primarily for personal or household purchases allegedly owed by the Plaintiff.

27. At all times relevant herein Defendant Pentagroup was the authorized agent of Defendant CACH LLC, acting upon its instruction for its direct benefit.

28. Upon information and belief, Defendant CACH LLC provided the Plaintiff's telephone number (562) 882-0300 to Defendant Pentagroup.

29. During or about the period beginning August 1, 2009 thru September 30, 2009, and again thru October 1, 2010 thru February 2011, Pentagroup placed telephone calls to the Plaintiffs cellular telephone, (562) 882-0300, using an automatic telephone dialing system or an artificial or prerecorded voice.

30. Pentagroup did not obtain express consent from the Plaintiff prior to placing the subject calls to the Plaintiffs cell phone (562) 882-0300.

31. Pentagroup did not place the subject telephone calls to the Plaintiff's telephone for an emergency purpose.

32. Pentagroup placed the aforementioned telephone calls to the Plaintiff's telephone knowingly and/or willfully with an autodialer or an artificial or prerecorded voice

33. The Calls were placed with the intent to harass and annoy the Plaintiff.

34. Pentagroup abandoned and/or hung up on the Plaintiff during some of the Calls.

35. During or about the subject time frame, Pentagroup placed phone calls to the Plaintiffs cellular telephone # 562 882 0300 after the hours of 9:00 p.m. and before 8:00 a.m. local meridian time for the purpose of harassment.

36. During or about the subject time frame, in its messages left on the Plaintiff's telephone (562) 882-0300, Pentagroup failed to disclose that the communications were from a debt collector.

37. During or about the subject time frame, in its messages left on the Plaintiff's telephone (562) 882-0300, Pentagroup failed to identify themselves and the purpose of their phone calls.

38. The Plaintiff prepays for his cellular telephone minutes from a "bucket of minutes" cell phone plan. Pentagroup, by placing the subject telephone calls to the Plaintiff's telephone, caused him to exhaust minutes from his cell phone plan, thereby forcing him to incur costs directly attributable to the subject telephone calls.

39. The Plaintiff has never directly provided his telephone number (562 882-0300) to CACH LLC.

40. The Plaintiff has never directly provided his telephone number (562 882-0300) to Pentagroup.

41. On or about July 21, 2010, the Plaintiff filed a Complaint in the Iredell County Superior Court of North Carolina against Pentagroup with the case number of 10CVS2289 wherein the Plaintiff alleged that the Defendant violated, *inter alia*, the Telephone Consumer Protection Act, the Fair Debt Collection Practice, and the North Carolina Collection Agency Act.

42. Incredulously, after receiving the state court lawsuit, Pentagroup again began placing telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to the Plaintiff's cellular telephone (562 882-0300) without the Plaintiff's prior express consent.

43. On more than one occasion it was communicated to Pentagroup that they did not have the Plaintiff's express consent to place any of the subject telephone calls. Included in these communications were the Plaintiff's conversations with Pentagroup, the filing of the state court lawsuit and the notice provided to Pentagroup's legal counsel's law firm in the state court action.

44. The Plaintiff voluntarily dismissed without prejudice the state court lawsuit on or about December 21, 2010.

45. As Defendant Pentagroup was acting on behalf of and as an agent for their principal, Defendant CACH LLC, Defendant CACH LLC is jointly and severally liable for all calls placed to the Plaintiff by Defendant Pentagroup that were in violation of the Telephone Consumer Protection Act.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

46. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

47. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

48. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

49. The TCPA is a strict liability statute.

50. The Defendant Pentagroup placed calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

51. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation from both Defendants.

52. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

53. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

54. Pentagroup called Plaintiff's cellular telephone during the subject time frame leaving messages without disclosing that the communication was from a debt collector in violation of North Carolina General Statute § 58-70-110(2).

55. Pentagroup's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

56. As a result of Pentagroup's violations of the North Carolina General Statute § 58-70-110(2), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

57. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

58. After being requested to stop placing calls to the Plaintiff's cellular telephone, Pentagroup continued to place calls to the Plaintiff's cellular telephone for the purpose of harassment, as well as placing calls after the hours of 9pm and before 8am local meridian time for the purpose of harassment violating North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115.

59. As a result of Pentagroup's violations of the North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1 from Pentagroup.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

60. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

61. Pentagroup's placing of telephone calls to the Plaintiff's cellular telephone number without his prior express consent through the use of an automatic telephone dialing system and/or a prerecorded message player was in violation of North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115.

62. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

63. As a result of Pentagroup's violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1 from Pentagroup.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

64. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

65. Both Defendant's failure to disclose to the Plaintiff, the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(1).

66. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

67. As a result of both Defendants violations of North Carolina General Statute § 58-70-115(1), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

68. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

69. Both Defendant's false and deceptive statements made during the parties telephone conversations and the dunning letters were violations of North Carolina General Statute § 58-70-110 and/or North Carolina General Statute § 58-70-115.

70. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

71. As a result of Defendants violations of the North Carolina General Statute § 58-70-110 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1from both Defendants.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

72. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

73. Pentagroup's placement of telephone calls to the Plaintiff's cellular telephone without fully identifying themselves and causing the Plaintiff to incur charges was in violation of North Carolina General Statute § 58-70-100(2) and/or North Carolina General Statute § 58-70-115.

74. Pentagroup's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

75. As a result of Pentagroup's violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1 from Pentagroup.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

76. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

77. Both Defendant's attempts to collect on the subject account without valid documentation that Cach LLC was the owner of the account and both Defendant's failure to provide reasonable verification of the account was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(5).

78. Both Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

79. As a result of both Defendant's violations of North Carolina General Statute § 58-70-115(5), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt from either of the Defendant's pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1 from both Defendants.

## NINTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

80. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

81. Defendant CACH LLC communications violated the (F.D.C.P.A.) 15 U.S.C. § 1692 et seq. by:
   a. using unfair or unconscionable means to attempt to collect a debt or an alleged debt in violation of 15 U.S.C. § 1692f
   b. violating the North Carolina Collection Agency Act in violation of 15 U.S.C. § 1692f
   c. using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692e

82. Defendant Pentagroup communications violated the (F.D.C.P.A.) 15 U.S.C. § 1692 et seq. by:
   a. using unfair or unconscionable means to attempt to collect a debt or an alleged debt in violation of 15 U.S.C. § 1692f
   b. violating the North Carolina Collection Agency Act in violation of 15 U.S.C. § 1692f
   c. using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692e
   d. causing charges to be made to the Plaintiff in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. § 1692f(5)
   e. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. § 1692d and/or 15 U.S.C. § 1692f

- 8 -
Case 5:11-cv-00579-FL   Document 15   Filed 12/29/11   Page 8 of 9

  f. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5)
  g. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11)
  h. failing to provide meaningful disclosure of the caller's identity in violation of 15 U.S.C. §§ 1692d(6)
  i. placing calls to the Plaintiff between the hours of 9:00 p.m. and 8:00 a.m., local time at the Plaintiff's location, and in doing so, violating 15 U.S.C. §1692c(a)(1)

83. As a result of both Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For $1500.00 per violation of the TCPA;

2. For $1000.00 for violation of the FDCPA;

3. For an Order enjoining Pentagroup from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

4. For an award of statutory damages of $ 4000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a), and;

6. The Court award such other and further relief as the Court deems just and proper under circumstances.

December 29, 2011

              Respectfully submitted,

              /s/_____
              W. Andrew LeLiever
              N.C. State Bar No: 37384
              LELIEVER LAW, P.A.
              5 W. Hargett St., Ste. 206
              Raleigh, NC 27601
              Telephone: 919-906-4687
              Email: lelieverlaw@hotmail.com
              *Counsel for Plaintiff*