IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:11-cv-00579-FL

| | |
|---|---|
| MATT JENKINS ) | |
| ) | |
| Plaintiff, ) | **DEFENDANT CACH LLC'S REPLY TO** |
| ) | **PLAINTIFF'S OPPOSITION TO** |
| vs. ) | **MOTION FOR EXTENSION OF TIME** |
| ) | **TO ANSWER PLAINTIFF'S AMENDED** |
| CACH LLC and PENTAGROUP ) | **COMPLAINT and RESPONSE AND** |
| FINANCIAL LLC ) | **OBJECTION TO PLAINTIFF'S** |
| ) | **REQUEST FOR ENTRY OF DEFAULT** |
| Defendants. ) | |

NOW COMES the Defendant CACH LLC (hereinafter "CACH"), by and through counsel, and in Reply to Plaintiff's Opposition to Motion for Extension of Time and in response and opposition to Plaintiff's Request for Entry of Default, respectfully shows the Court as follows:

1. Plaintiff filed his initial complaint in this matter on October 18, 2011. (DE #1).

2. On November 15, 2011, prior to expiration of its deadline to file a responsive pleading, CACH moved for an extension of time to answer or otherwise plead to the Complaint. (DE #5).

3. On November 17, 2011, the Court entered a Text Order granting CACH's motion, extending the deadline for CACH to file a responsive pleading to Plaintiff's original complaint until December 16, 2011.

4. On December 7, 2011, counsel for CACH notified counsel for Plaintiff via email of its position that the only proper venue for this action would be the Western District of North Carolina, and raising concerns regarding the ambiguity and lack of clarity in the Complaint. A true and accurate copy of the correspondence is attached hereto as **Exhibit A**.

5. Receiving no response from Plaintiff's counsel to its December 7, 2011 email, on

December 16, 2011, CACH filed its Motion to Dismiss and in the alternative Motion for More Definite Statement, moving to dismiss Plaintiff's action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and in the alternative, moving for an order ordering the Plaintiff to replead his complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (DE #10).

6. On December 29, 2011, Plaintiff filed his Amended Complaint and served a copy of the same on counsel for CACH. (DE #15).

7. On January 9, 2012, counsel for CACH notified counsel for Plaintiff via email of CACH's desire to seek an extension of thirty days to respond the Amended Complaint. A true and accurate copy of the correspondence is attached hereto as **Exhibit B**.

8. Counsel for Plaintiff never responded to the January 9, 2012 correspondence seeking his position on CACH's planned Motion for and Extension of Time.

9. On January 11, 2012, prior to expiration of its deadline to file a responsive pleading to the Amended Complaint, CACH filed its Motion for Extension of Time seeking an extension of time to answer or otherwise plead to the Amended Complaint, indicating therein its attempt to contact Plaintiff's counsel to ascertain his position on the same, and Plaintiff's lack of response. (DE #16).

10. On January 17, 2012, Plaintiff filed his Opposition to Motion for Extension of Time and Request for Entry of Default (hereinafter "Plaintiff's Default Motion"). (DE #17).

**A.  CACH's Motion for Extension of Time should be granted.**

Pursuant to Fed. R. Civ. P. 6(b)(1)(a), for good cause the Court may extend a deadline, "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . . ." As noted in Plaintiff's Default Motion, the original deadline for CACH to

respond to Plaintiff's Amended Complaint was January 12, 2012. CACH moved the Court for an extension of its deadline to answer or otherwise respond on January 11, 2012, prior to expiration of its time to respond under Fed. R. Civ. P. 15(a).

In opposing CACH's timely request for an extension, Plaintiff points to no facts nor alleges any prejudice to Plaintiff or the proceedings supporting a denial of CACH's motion. Rather, Plaintiff's Default Motion contains merely a personal attack on undersigned counsel, and Plaintiff's conclusory statement that "Defendant is well aware of the facts of this matter and does not additional time to investigate (sic)."

As set forth in CACH's Motion to Dismiss and in the alternative Motion for More Definite Statement filed in this action on December 16, 2012, Plaintiff's original Complaint was so vague and ambiguous that CACH was not able to determine which factual allegations and which causes of action were alleged against it, and thus CACH could not reasonably frame an answer to the Complaint. In his Amended Complaint, it appears that Plaintiff has attempted to address some of the deficiencies in the original Complaint. However, as the Amended Complaint is the first pleading of Plaintiff sufficiently intelligible such that CACH can reasonably determine which causes of action are alleged against it, CACH asserts that an extension of time beyond the fourteen days set forth in Fed. R. Civ. P. 15(a) is warranted and not in bad faith.

**B.    Plaintiff's Request for Entry of Default must be denied.**

Plaintiff further requests that the Court enter default against CACH in Plaintiff's Default Motion. Fed. R. Civ. P. 55(a) provides for the entry of default, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

3

CACH has already filed a Motion to Dismiss this action due to improper venue, which defect has not been cured by Plaintiff's filing of his Amended Complaint in the improper venue. Further, CACH filed its Motion for Extension of Time prior to its deadline to respond to the Amended Complaint. As such, CACH asserts that any allegation by Plaintiff that CACH has failed to "otherwise defend" this action is disingenuous at best.

Likewise, Plaintiff's Motion for Entry of Default is improper in that it is not supported by affidavit as required by Fed. R. Civ. P. 55(a) and E.D. Local Rule 7.1(d).

Finally, as set forth in CACH's Motion to Dismiss, pursuant to 28 U.S.C. § 1391, venue for Plaintiff's action is improper in the Eastern District of North Carolina. As such, an entry of default in this venue would be improper.

## CONCLUSION

Based on the foregoing, CACH respectfully requests that this Court grant its Motion for Extension of Time and extend the time in which it may answer or otherwise respond to Plaintiff's Amended Complaint up to and including February 11, 2012; that Plaintiff's Request for Entry of Default be denied; and for such other and further relief as the Court deems just and proper.

This the 19th day of January, 2012.

/s/ Caren D. Enloe
Caren D. Enloe
N.C. State Bar No. 17394
Attorneys for Defendant CACH LLC
Of MORRIS MANNING & MARTIN, LLP
Post Office Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:11-cv-00579-FL

| | |
|---|---|
| MATT JENKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| CACH LLC and PENTAGROUP ) | |
| FINANCIAL LLC ) | |
| ) | |
| Defendants. ) | |

Caren D. Enloe, attorney for the Defendant CACH LLC, certifies that she served the foregoing **Reply to Plaintiff's Opposition to Motion To Extend Time to Answer Plaintiff's Amended Complaint and Response and Objection to Plaintiff's Request for Entry of Default** on the following parties this 19th day of January, 2012 electronically via CM/ECF as follows:

W. Andrew LeLiever
5 W. Hargett Street
Suite 210
Raleigh, NC 27601
lelieverlaw@hotmail.com
Attorneys for Plaintiff

This the 19th day of January, 2012.

/s/ Caren D. Enloe
Caren D. Enloe
N.C. State Bar No. 17394
Attorneys for Defendant CACH LLC
Of MORRIS MANNING & MARTIN, LLP
Post Office Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com

5

# EXHIBIT

# A

**Chad Sharkey**

**From:** Caren Enloe
**Sent:** Wednesday, December 07, 2011 3:00 PM
**To:** 'Andrew LeLiever'
**Cc:** 'athomas@hedrickgardner.com'
**Subject:** Jenkins v. CACH, LLC

Andrew:

As you know, we have been retained to represent CACH, LLC in the above referenced matter. We are in the process of preparing our response to the Complaint and in reviewing the Complaint, a couple of issues have presented themselves which I wanted to bring to your attention to determine whether we can resolve them in the most simple manner possible. First, the Complaint has been brought in the Eastern District of North Carolina. Please advise as to the basis for the same. It does not appear to me that the action can be brought anywhere aside from the Western District of North Carolina under the provisions of 28 U.S.C. § 1391. Secondly, I am having a little trouble ascertaining which claims are being brought against which defendant and need some clarification as to that. We are contemplating filing a Motion to Dismiss for improper venue and a motion, in the alternative, for a more definite statement. I wanted to give you a heads up as you may be able to amend/transfer and address these concerns prior to incurring the costs to defend the motions.



**Caren D. Enloe**
Morris, Manning & Martin, LLP
1000 Park Forty Plaza
Suite 350
Durham, NC 27713
Direct: 919.433.2821
Fax: 919.806.2057
cenloe@mmmlaw.com

*Please consider the environment before printing this email.*

For information on Morris, Manning & Martin, LLP, please visit www.mmmlaw.com or http://twitter.com/mmm_law.

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT

# B

## Chad Sharkey

**From:** Caren Enloe
**Sent:** Monday, January 09, 2012 3:28 PM
**To:** 'Andrew LeLiever'
**Cc:** Jennifer L. Roach
**Subject:** CACH/Jenkins [MMM-MMMDMS1.25075.82471]

Andrew:

I received your Amended Complaint. I plan to file a motion to extend time to respond to the same for an additional 30 days. May I reflect your consent?



**Caren D. Enloe**
Morris, Manning & Martin, LLP
1000 Park Forty Plaza
Suite 350
Durham, NC 27713
Direct: 919.433.2821
Fax: 919.806.2057
cenloe@mmmlaw.com

*Please consider the environment before printing this email.*

For information on Morris, Manning & Martin, LLP, please visit www.mmmlaw.com or http://twitter.com/mmm_law.

This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.