IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00579-FL

| | |
|---|---|
| MATT JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CACH LLC and ) | |
| PENTAGROUP FINANCIAL LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant CACH LLC's ("CACH") motion to dismiss [DE-10] and motion for extension of time [DE-16] and Defendant Pentagroup Financial, LLC's ("Pentagroup") motion to dismiss [DE-11] and motion for extension of time [DE-17]. Plaintiff responded to the motions for extension of time and, therein, requested entry of default against both Defendants [DE-19 & 20], and each Defendant filed a reply [DE-21 & 22]. The motions have been referred to the undersigned by District Judge Louise W. Flanagan.

For the reasons stated below, the motions for extension of time are **GRANTED**, and it is hereby **RECOMMENDED** that the motions to dismiss be **DENIED AS MOOT** and that the motions for default be **DENIED**.

## STATEMENT OF THE CASE

On October 18, 2011, Plaintiff initiated this action for damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers, N.C. Gen. Stat. § 58-70, and the intentional tort of Intrusion of Seclusion. [DE-1.] On November 17, 2011, CACH and Pentagroup were

granted extensions of time to answer or otherwise respond to the Complaint. On December 16, 20011, CACH filed a Rule 12(b)(3) motion to dismiss for improper venue or, alternatively, a motion for a more definite statement. [DE-10.] On December 17, 2011, Pentagroup filed a Rule 12(b)(3) motion to dismiss for improper venue or, alternatively, a motion for a more definite statement and a motion for costs and a stay pursuant to Rule 41(d). [DE-11.]

In response to the motions to dismiss, Plaintiff filed an amended complaint on December 29, 2011. [DE-15.] On January 11, 2012, Defendants each filed a motion for extension of time to respond to the amended complaint [DE-16 & 17], which Plaintiff opposed and additionally requested that default be entered against Defendants [DE-19 & 20]. On January 19, 2012, each Defendant responded in opposition to Plaintiff's request for entry of default. [DE-21 & 22.] On February 10, 2012, CACH filed its answer to the amended complaint [DE-23], and on February 13, 2012, Pentagroup filed its answer to the amended complaint [DE-24]. On February 23, 2012, CACH filed an amended answer [DE-25], and on February 24, 2012, Pentagroup filed an amended answer [DE-26].

## DISCUSSION

### I. Defendants' Motions to Dismiss [DE-10 & 11]

Subsequent to the filing of Defendants' motions to dismiss, Plaintiff filed an amended complaint. Both Defendants have responded to the amended complaint by filing answers, which were subsequently amended with respect to the defenses asserted. CACH renewed the previously filed motion to dismiss in its answer and amended answer to the amended complaint. [DE-23.] However, Pentagroup did not renew either its motion to dismiss or its motion for costs in either its answer or amended answer to the amended complaint. [DE-24.]

An amended complaint supersedes the original complaint, therefore mooting any previously filed motions to dismiss the original complaint. *See Campbell v. Enter. Holdings, Inc.*, No. 5:11-cv-424-FL, 2011 WL 6780791, at *1 n.1 (E.D.N.C. Dec. 27, 2011) (noting that defendant's first motion to dismiss was mooted based on the filing of an amended complaint); *Blount v. Carlson Hotels*, No. 3:11-cv-452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011) ("It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.") (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (stating the general rule "that an amended pleading supersedes the original pleading, rendering the original pleading of no effect")). Accordingly, it is **RECOMMENDED** that the motions to dismiss [DE-10 & 11] be **DENIED AS MOOT**.

Should the Court adopt the recommendation and deny the motions to dismiss as moot, it is further **RECOMMENDED** that Defendants be given seven (7) days to amend their answers, if they so desire, to renew any relief sought in the original motions to dismiss and that Plaintiff be given the appropriate amount of time to respond to any renewed motions.

**II.    Defendants' Motions for an Extension of Time [DE-16 & 17]**

Subsequent to the filing of the amended complaint and prior to the deadline to respond, each Defendant sought an extension of thirty (30) days within which to respond to the amended complaint. Both Defendants cited a need for additional time to investigate the facts alleged and to formulate a response. Plaintiff responded that the extension was brought in bad faith and for purposes of delay, noting that Defendants had received an extension of time to respond to the original complaint and that Defendants were aware of the facts and did not need additional time

to investigate. Plaintiff also requested that default be entered against the Defendants, which is addressed separately, *see infra* section III.

That Defendants sought additional time to respond to the amended complaint is not, in and of itself, indicative of bad faith. Additionally, it is not unreasonable that Defendants would need additional time to respond to the amended complaint despite the fact that they had previously sought and received additional time to respond to the original complaint. Defendants filed motions to dismiss the original complaint based on improper venue, but in response to the amended complaint, both Defendants filed answers, which may reasonably require factual investigation in addition to that necessary to prepare motions to dismiss based on improper venue. Finally, CACH filed its initial answer on February 10, 2012, and Pentagroup filed its initial answer on February 13, 2012. Thus, there has been, in fact, no unreasonable delay. Accordingly, for good cause shown, the motions for extension of time [DE-16 & 17] are **GRANTED** and the Defendants' answers are deemed timely filed.

### III. Plaintiff's Requests for Entry of Default [DE-19 & 20]

In Plaintiff's responses to Defendants' motions for extension of time, Plaintiff also requested that default be entered against Defendants for failure to plead or otherwise defend this action. Entry of default is warranted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Both Defendants filed motions to dismiss in response to the original complaint and filed motions for extensions of time to respond to the amended complaint prior to the deadline for responding had expired. Additionally, both Defendants have now answered the amended complaint. Thus, there is no basis for Plaintiff's contention that Defendants have "failed to plead or otherwise defend" this action, which is a prerequisite to entry

of default under Rule 55(a). Therefore, it is **RECOMMENDED** that Plaintiff's requests for entry of default [DE-19 & 20] be **DENIED**.

## CONCLUSION

It is hereby **RECOMMENDED** as follows:

(1) that Defendants' motions to dismiss [DE-10 & 11] be **DENIED AS MOOT** and that Defendants be given seven (7) days to amend their answers, if they so desire, to renew any relief sought in the original motions to dismiss and that Plaintiff be given the appropriate amount of time to respond to any renewed motions; and

(2) that Plaintiff's requests for entry of default [DE-19 & 20] be **DENIED**.

It is hereby **ORDERED** that the motions for extension of time [DE-16 & 17] are **GRANTED** and that the Defendants' answers are deemed timely filed.

The clerk shall send copies of this Order and Memorandum and Recommendation to the parties who have fourteen days (14) after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report, and, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This the 27th day of February, 2012.

David W. Daniel
United States Magistrate Judge