IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-579-FL

| | | |
|---|---|---|
| MATT JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CACH LLC and PENTAGROUP | ) | |
| FINANCIAL LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge David W. Daniel, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge recommends that the court deny as moot defendants' motions to dismiss and deny plaintiff's request for entry of default. No objections to the M&R have been filed.

Plaintiff filed complaint on October 18, 2011, seeking damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers, N.C. Gen. Stat. § 58-70, and the intentional tort of intrusion of seclusion. On December 16 and 17, 2011, defendants filed motions to dismiss. On December 29, 2011, plaintiff filed amended complaint. Thereafter, defendants filed motions for extensions of time to file answer to the amended complaint. Plaintiff opposed the motions for extension of time, and requested that default be entered against defendants. Defendants responded in opposition to plaintiff's request for entry of default. Defendants also filed answers to the amended complaint.

In light of the amended complaint, the magistrate judge recommended that defendants' motions to dismiss, filed before the amended complaint was filed, be denied as moot and that

defendants be given seven days to amend their answers. Finding no bad faith or unreasonable delay in defendants' motions for extension of time, the magistrate judge granted the same. The court similarly agrees with the magistrate judge that in light of defendants' answers to the amended complaint, there is no basis for plaintiff's contention that defendants have failed to plead or otherwise defend the action. The court also notes that since the entry of the M&R, plaintiff and defendant CACH have entered into a stipulation dismissing the matter with prejudice as to defendant CACH. Therefore, to the extent outstanding motions to dismiss or for extension of time involve defendant CACH, those motions are moot.

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). The court has carefully considered the pending motions, the magistrate judge's analysis, and recent docket activity affecting the parties. The court agrees with the observations and findings of the magistrate judge. Accordingly, the court ADOPTS the M&R (DE # 27) as its own. For the reasons stated herein and in the M&R, defendants' motions to dismiss (DE # 10, 11) are DENIED as moot and plaintiff's requests for entry of default (DE # 19, 20) are DENIED.[1]

SO ORDERED, this the 13? day of May, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court notes recently filed pending motion to intervene by James T. Ward, chapter 7 bankruptcy trustee, lodged on the docket at entry (DE # 35). The court will address the motion when it ripens as well as provide further direction for entry of order regarding planning and scheduling in this case.